IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AURORA OPERATIONS, INC., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, in his official capacity as Secretary of Transportation; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; VINCENT G. WHITE, in his official capacity as Deputy Administrator of the Federal Motor Carrier Safety Administration; and UNITED STATES OF AMERICA, <br><br> Respondents. | Case No. 25-1016 |

**PETITIONER'S STATEMENT OF THE ISSUES TO BE RAISED**

Pursuant to the Court's order dated January 10, 2025, Petitioner Aurora Operations, Inc. ("Aurora") states that the issues it expects to raise in the proceeding are:

1. Whether the Federal Motor Carrier Safety Administration ("FMCSA") decision captioned *Parts and Accessories Necessary for Safe Operation; Application for an Exemption From Waymo LLC (USDOT #3000336) and Aurora Operations, Inc. (USDOT #3441156)*, Docket

No. FMCSA-2023-0071, dated December 26, 2024 and published in the Federal Register on December 27, 2024 at 89 Fed. Reg. 105675, denying Aurora's application for exemption of Level 4 autonomous trucks from 49 CFR §§ 392.22(b), 393.25(e) and 393.95(f), which proposed the use of prominent electronic warning beacons affixed on trucks to provide a level of safety that is equivalent to or greater than that provided by the existing rule requiring truck drivers to expose themselves to danger by placing reflective triangles and/or flares on the roadway around a disabled truck regardless of hazardous conditions, is arbitrary, capricious or contrary to law, including, among other reasons, because:

A. FMCSA admitted publicly, during the pendency of Aurora's application, that it "has never conducted experimental research" on whether the warning devices required by its rule increase safety or even affect driver behavior, that external research so far "has yielded inconsistent results" and that "[d]espite these inconclusive findings, FMCSA nonetheless requires" that truck drivers place physical warning devices on the roadway;

B. Record evidence indisputably establishes that truck drivers risk serious injury or death complying with the existing rule—a risk

2

    eliminated by the application's approach of activating prominent warning beacons without drivers needing to walk on dangerous roadways;

C. Aurora's application was supported by evidence that far exceeds the (non-existent) data as to the existing rule. Aurora's support included, among other things, a study conducted on public roadways, which the FMCSA itself has conceded it has never conducted as to the existing rule, and a second study on a closed track conducted by the Virginia Tech Transportation Institute, an institute FMCSA has described as a "state-of-the-art" research center and which FMCSA has recently announced it will be using to conduct a study to endeavor to answer the "unresolved" question of whether the existing rule actually "improves traffic safety and, if so, how and to what extent", 90 Fed. Reg. 1591, 1592 (Jan. 8, 2025);

D. FMCSA's articulated grounds for denial conflict with statements the agency made to Aurora and other industry members, including, among other statements, FMCSA's insistence that the exemption application be industry-wide (but then claiming in the denial decision that "industry-wide exemptions are not the

3

norm"), and statements by FMCSA that the study data used in Aurora's on-road study was "wonderful" and "impressive" (but then later criticizing that study data in denying the application). These conflicting statements are not addressed or explained in the agency's December 26 decision;

E. FMCSA has in the past granted exemption where there was similar or less supporting data than submitted in support of Aurora's application; and

F. FMCSA's exemption denial undermines the Department of Transportation's policies in favor of safe innovation in the autonomous vehicle industry.

*(Signature on following page)*

                    Respectfully submitted,

                    CRAVATH, SWAINE & MOORE LLP,

                    by
                        /s/ Jeffrey A. Rosen
                            Jeffrey A. Rosen

                    1601 K Street Northwest
                        Washington, DC 20006
                          (202) 869-7700
                            jrosen@cravath.com

                    John D. Buretta
                        Two Manhattan West
                        375 Ninth Avenue
                          New York, NY 10001
                            (212) 474-1000
                                jburetta@cravath.com

                    *Counsel for Petitioner*

February 10, 2025

## CERTIFICATE OF SERVICE

I, Jeffrey A. Rosen, hereby certify that on this 10th day of February, 2025, I caused a true and accurate copy of the foregoing to be filed through the Court's CM/ECF system, which will serve notice of the filing on counsel for all parties.

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

/s/ Jeffrey A. Rosen
Jeffrey A. Rosen

1601 K Street Northwest
Washington, DC 20006
(202) 869-7700
jrosen@cravath.com

John D. Buretta
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000
jburetta@cravath.com

*Counsel for Petitioner*

February 10, 2025